IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORGE RODRIGUEZ-ZAMORA, § | | |
| #78104-080, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL NO. 3:16-CV-1876-N-BK |
| § | | (Criminal No. 3:12-CR-320-N-1) |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE**.[1]

**I. BACKGROUND**

In May 2013, Petitioner Jorge Rodriguez-Zamora[2] pled guilty to conspiring to distribute methamphetamine and, in May 2014, was sentenced to 292 months' imprisonment and a five-year term of supervised release. Crim. Doc. 209; Crim. Doc. 556. On June 24, 2015, his direct appeal was dismissed as barred by the waiver of appeal in his plea agreement. Crim. Doc. 647. Then on June 28, 2016, Petitioner filed this timely, *pro se* motion to vacate sentence, seeking relief based on the holding in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

[2] Some of the initial orders in the criminal case refer to Petitioner only by his alias, Jorge Tapia Villa.

(2015), that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 28 U.S.C. § 924(e), violates the Constitution's guarantee of due process.[3] Doc. 2; Doc. 3.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted.  *See* United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)).  Under section 2255 a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds.  *See* United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  Here, Petitioner has failed raise a cognizable issue.

Petitioner's reliance on *Johnson* is misplaced.  *Johnson* has no bearing on Petitioner's case, since his sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional.  *See* Johnson, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA).  Rather the Presentence Report (PSR) (which was adopted at sentencing without change) calculated Petitioner's base offense level for conspiracy to possess with intent to distribute methamphetamine under U.S.S.G. § 2D1.1 (the drug trafficking guideline) to include a two-level enhancement for possession of a dangerous weapon, without reference to the ACCA or U.S.S.G. § 4B1.4.  *See* Crim. Doc. 263-1 at 10, PSR ¶¶ 36-37; Crim. Doc. 557 at 1, Statement of Reasons (SOR).

Additionally, even assuming the Supreme Court finds *Johnson* retroactively applicable to the career offender provision of the Sentencing Guidelines, *see* Beckles v. United States, 616

---

[3] The Supreme Court recently found *Johnson* retroactively applicable to cases on collateral review in United States v. Welch, ___ U.S. ___, 136 S. Ct. 1257 (2016).

Fed. Appx. 415 (11th Cir. 2015), *cert. granted*, ___ U.S. ___, 136 S. Ct. 2510 (2016), as previously noted, Petitioner was not sentenced as a career offender. Thus, his claims are not premised on a penal statute or Sentencing Guidelines provision that contains or incorporates any clauses resembling the ones found unconstitutional in *Johnson*. Therefore, *Johnson* is not applicable in this case.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**.

**SIGNED** December 20, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE